STATE OF MAINE        RECEIVED & FILED      SUPERIOR COURT
ANDROSCOGGIN, SS.                         Docket No. CV-00-124

JAN 0 2 2002
ANDROSCOGGIN
SUPERIOR COURT

MICHAEL V. RYNNE and
BARBARA RYNNE,
          Plaintiffs

      v.                                      JUDGMENT

ED THAYER, INC. and,
TERRANCE H. FARLEY
          Defendants

On December 16, 1999, Michael Rynne was seriously injured when his car collided with a tractor truck on Sabattus Street in Lewiston, Maine. At that time, Dr. Rynne was driving from his home in Auburn to his job as the chief of ophthalmology at the Veterans' Administration Hospital in Augusta, Maine. During the collision Dr. Rynne sustained fractures of his right patella and his right femur. The femur fracture was surgically corrected by Dr. Jacques Dumont; the patella was not treated. To recover from his injuries, Dr. Rynne completed a long period of convalescence and physical therapy. Throughout this period of recovery, Barbara Rynne cared for her husband and attended to his nonmedical needs.

Dr. and Mrs. Rynne filed this action against Terrance Farley and his employer, Ed Thayer, Inc., on July 13, 2000. In their Complaint, they alleged that Mr. Farley's negligent operation of his vehicle, and his failure to follow general safety practices caused the accident of December 16, 1999.[1] Paragraph 8 of plaintiffs' complaint

---

[1] Any negligence by Mr. Farley would be imputed to Ed Thayer, Inc., based upon the parties' stipulation that Mr. Farley had been acting within the scope of his employment while operating the tractor that morning.

contains a very specific allegation of the negligence claimed:

> Plaintiff Michael V. Rynne, traveling eastbound in a controlled and responsible manner, came upon Defendant Ed Thayer, Inc.'s tractor blocking the eastbound lane and, robbed of time to respond due to Defendants' negligence, collided with the right rear quarter of the vehicle.

A non-jury trial was held on December 19 and 20, 2001. During the trial, the parties focussed on the mechanics of the accident, and on Dr. Rynne's claim that he was forced to prematurely sell his private ophthalmic practice. Because the court has concluded that the plaintiffs failed to establish that the defendants were negligent, the court declines to address the lost profit claim.

## FINDINGS AND CONCLUSIONS

Dr. Rynne left his home in Auburn at approximately 6:15 a.m. on December 16, 1999, intending to drive to his office at the Veteran's Administration Hospital outside of Augusta, Maine. The weather was cold and rainy, and the streets were, in some places, covered with a thin glaze of ice. At approximately the same time, Mr. Farley went out to the driveway of his Sabattus Street home and started the engine in his tractor to warm up the cab.

After stopping for coffee and donuts, Dr. Rynne headed out of Lewiston on Sabattus Street, and stopped at the Grove Street light. It was probably during the lull in traffic caused by this light that Mr. Farley took the opportunity to back his tractor out of his driveway and position it in the breakdown lane. Mr. Farley had turned on the tractor's running lights, but had not turned on his halogen headlights for fear of blinding or distracting the oncoming traffic.

2

After the Grove Street light turned green, Dr. Rynne continued traveling out Sabattus Street, through the intersection with Pond Street, and then "saw" Mr. Farley's tractor truck in the breakdown lane. Dr. Rynne applied his brakes, and his car skidded into the rearmost tire of the stationary tractor.

Although Dr. Rynne's expert testified that the collision must have occurred while the tractor was perpendicular to the flow of traffic, this opinion was not supported by credible evidence. Testimony from the only disinterested witness, Debra Clark, established that Mr. Farley's vehicle was stopped and in the breakdown lane immediately before and at all times during the accident. Although Ms. Clark recalled that Mr. Farley had been operating an entire tractor trailer, that one discrepancy did not diminish the overall reliability of her testimony.

Ms. Clark testified, and the court finds, that parts of Sabattus Street were covered with black ice. She recalled, and the court finds, that, as Dr. Rynne's vehicle approached the tractor in the breakdown lane, it started to slide, and then hit the back of the stationery vehicle. Ms. Clark did not see the tractor move at any time in any direction, but she did see Dr. Rynne's car spin around and come to rest in a position that was perpendicular to the flow of traffic.

## DISCUSSION

Because negligence cannot be presumed from the mere fact that an accident occurred, Dr. and Mrs. Rynne must present specific evidence that the defendants breached their duty to them. That is, they must demonstrate, by a preponderance of the evidence, that the defendants failed to use reasonable care. Based upon the

3

findings above, the court must conclude that the plaintiffs have failed to prove that the defendants were negligent, or that their negligence was the cause of the accident.

Although the plaintiffs cited multiple rules of the road and traffic ordinances in their trial brief, the evidence presented at trial did not support a finding that Mr. Farley violated any of them. The evidence does support a finding that Dr. Rynne failed to operate his vehicle in a reasonable fashion, given the road conditions. He also failed to see a very large tractor parked in the breakdown lane until he was nearly upon it, and then reacted by hitting his brakes, causing his car to spin and slide. Dr. Rynne may have failed to see the tractor because he was "overdriving" his headlights, or because he was momentarily distracted. In any event, it was his own negligence, rather than any negligence by Mr. Farley, that caused the accident.

## ORDER

For the reasons stated above, Judgment is granted to the defendants on the single count of plaintiffs' complaint.

## DOCKET ENTRY

The Clerk is directed to incorporate this Order in the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: January 2, 2002

_____
Ellen A. Gorman
Superior Court Justice

4

Date Filed ____July 13, 2000____ ANDROSCOGGIN____ Docket No. ____CV-00-124____
County

Action ____PERSONAL INJURY____

MICHAEL V. RYNNE and BARBARA RYNNE
Auburn, Maine

ED THAYER, INC., Oxford, Maine
and
TERRANCE H. FARLEY, Lewiston, Maine
Defendants

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Douglas A. Grauel, Esq. | James M. Bowie, Esq. |
| LINNELL, CHOATE & WEBBER | Michael R. Bosse, Esq. (7-26-00) (all) |
| P O BOX 190 | THOMPSON & BOWIE |
| Auburn, ME. 04212-0190 | Three Canal Plaza, P.O. Box 4630 |
| BAR #7514 | Portland, ME. 04112 |
| | BAR #8358 |

| Date of Entry | |
|---|---|
| 2000 July 25: | Received 7-13-00.<br>Filing fee paid. ($120.00) Rec. #12 on 7-13-00.<br>Complaint Summary Sheet, filed.<br>Complaint, filed.<br>Copies (2) of unserved Summonses, filed.<br>Plaintiffs' Notification of Discovery Service, filed.<br>Plaintiff's Interrogatories Propounded upon Defednant Terrance H. Farley serve<br>on Terrance H. Farley and Plaintiff's Request for Production of Documents<br>Propounded Upon Defendant Ed Thayer, Inc. served on David C. Dow, Esq. on<br>July 11, 2000. |
| "  " | On 7-25-00.<br>Case File Notice mailed. |
| July 27: | Received 7-26-00.<br>Answer and Affirmative Defenses of Defendants, filed.<br>Michael R. Bosse, Esq. appears on behalf of Defendants. |
| "  " | Received 7-27-00.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed. **Discovery deadline is March 27, 2001**<br>Copies mailed Douglas A. Grauel, Esq. and Michael R. Bosse, Esq. on 7-27-00. |
| Aug. 1: | Received 8-1-00.<br>Summons filed showing officer's return of service on 7-27-00 upon Defendant<br>Terrance H. Farley. |
| Aug. 24: | Received 8-24-00.<br>Defendants' Notification of Discovery Service, filed.<br>Defendant Ed Thayer, Inc.'s Responses to Plaintiff's Requests for Production<br>of Documents served on Douglas A. Grauel, Esq. on August 23, 2000. |
| Aug. 29: | Received 8-29-00.<br>Plaintiff's Notification of Discovery Service, filed.<br>Notice to Take Oral Deposition of Terrance H. Farley served on Michael R. Bosse<br>Esq. on August 28, 2000. |